UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

ELENA LAMB on behalf of herself and all others
similarly situated,

Plaintiff,

v.                                                      Civil No. 1:20-CV-00704 (LLS)

THE COOKWARE COMPANY (USA), LLC,

Defendants.

_____


# MEMORANDUM IN FURTHER SUPPORT OF
# <u>COOKWARE'S MOTION TO DISMISS AMENDED COMPLAINT</u>


**HODGSON RUSS LLP**
*Attorneys for The Cookware Company (USA), LLC*
Benjamin M. Zuffranieri, Jr.
Ryan K. Cummings
Ryan J. Lucinski
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: 716.856.4000

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................2

POINT I.  PLAINTIFF'S MAGNUSON-MOSS WARRANTY CLAIM FAILS
BECAUSE THE COURT DOES NOT HAVE JURISDICTION AND,
EVEN IF IT DID, PLAINTIFF DOES NOT HAVE A VIABLE STATE
LAW IMPLIED WARRANTY CLAIM ..................................................................2

POINT II.  PLAINTIFF'S IMPLIED WARRANTY CLAIM FAILS BECAUSE
SHE IS NOT IN PRIVITY WITH THE COOKWARE COMPANY ....................6

POINT III.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS
DUPLICATIVE OF HER BREACH OF WARRANTY CLAIMS ....................13

POINT IV.  PLAINTIFF FAILS TO SATISFY THE PROSPECTIVE HARM
REQUIREMENT TO HAVE STANDING TO PURSUE INJUNCTIVE
RELIEF ON HER STATUTORY OR EQUITABLE CLAIMS ..........................16

POINT V.  PLAINTIFF'S FDUTPA CLAIM FAILS AS A MATTER OF LAW ................18

A.  Rule 9(b) Applies and Plaintiff Has Failed to Satisfy It. .................................18

B.  FDUTPA Fails Because Plaintiff Merely Restates Her Warranty Claims. .....20

C.  Plaintiff Missed the Mark in Amending Her Allegations of Injury................21

D.  Plaintiff is Barred from Seeking Injunctive Relief Under FDUTPA..............22

CONCLUSION.......................................................................................................................24

## TABLE OF AUTHORITIES

**PAGE**

**Federal Cases**

*Alkhatib v New York Motor Group LLC*,
    2015 WL 3507340 (E.D.N.Y. Jun. 3, 2015) ...............................................................6

*Begualg In v Mgmt. Inc. v Four Seasons Hotel Ltd.*,
    No. 10-22153-CIV, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) ...................................15, 16

*Brisson v Ford Motor Co.*, 602 F. Supp. 2d 1227 (M.D. Fla. 2009) *aff'd in
    relevant part, vacated on other grounds*, 349 Fed. Appx. 433 (11th Cir. 2009) ......................6

*Buonasera v The Honest Company, Inc.*,
    208 F. Supp. 3d 555 (S.D.N.Y. 2016) .....................................................................17

*Cadena v Am. Honda Motor Co., Inc.*,
    2019 WL 3059931 (C.D. Cal. May 29, 2019) ...........................................................5

*Charouhis v Am. Auto. Ins. Co.*,
    2012 WL 13014693 (S.D. Fla. Jun. 18, 2012) .......................................................15, 16

*Coleman v CubeSmart*,
    328 F. Supp. 3d 1349 (S.D. Fla. 2018) ...............................................................15, 16

*Dapeer v Neutrogena Corp.*,
    95 F. Supp. 3d 1366 (S.D. Fla. 2015) .....................................................................22

*David v Am. Suzuki Motor Corp.*,
    629 F. Supp. 2d 1309 (S.D. Fla. 2009) .............................................................7, 13, 14

*Delgado v Ocwen Loan Servicing, LLC*,
    2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) .......................................................17, 18

*Douse v. Boston Sci. Corp.*,
    314 F. Supp. 3d 1251 (M.D. Fla. 2018) ..................................................................19

*Ebin v Kangadis Food Inc.*,
    2013 WL 3936193 (S.D.N.Y. Jul. 26, 2013) .........................................................3, 4

*Floyd v Am. Honda Motor Co., Inc.*,
    2018 WL 6118582 (C.D. Cal. Jun. 13, 2018) ............................................................4

*Foster v Chattem, Inc.*,
    2014 WL 3687129 (M.D. Fla. July 24, 2014) ...........................................................7

## TABLE OF AUTHORITIES - cont'd

PAGE

*Glob. Quest, LLC v Horizon Yachts, Inc.*,
 849 F.3d 1022 (11th Cir. 2017) ..................................................................10, 11

*Goldstein v Gen. Motors LLC*,
 2020 WL 1849659 (S.D. Cal. Apr. 13, 2020)...............................................................4

*Groshare v Wilson's Ltd., Inc.*,
 2010 WL 2136434 (M.D. Fla. May 27, 2010).............................................................20

*Hertz Corp. v Accenture LLP*,
 2019 WL 5537997 (S.D.N.Y. Oct. 25, 2019) .........................................................18, 19

*Irvine v Kate Spade and Company*,
 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017)...........................................................21

*Jager v Boston Road Auto Mall*,
 2015 WL 235342 (S.D.N.Y. Jan. 16, 2015) ...............................................................6

*James v Yamaha Motor Corp.*,
 2016 WL 3083378 (S.D. Fla. May 31, 2016) ............................................................16

*Keegan v Amer. Honda Motor Co., Inc.*,
 838 F. Supp. 2d 929 (C.D. Cal. 2012) ....................................................................4

*Kraft Co., Inc. v J & H Marsh & McLennan of Florida, Inc.*,
 2006 WL 1876995 (M.D.Fla.2006) .......................................................................14

*Krush Communications, LLC v Enhanced Telecom., LLC*,
 2014 WL 12625758 (M.D. Fla. Apr. 29, 2014)...........................................................20

*Leon v Cont'l AG*,
 301 F. Supp. 3d 1203 (S.D. Fla. 2017) ...................................................................12

*Lombardo v Johnson & Johnson Consumer-Cos., Inc.*,
 124 F. Supp. 3d 1283 (S.D. Fla. 2015) ...................................................................21

*MacDougall v Am. Honda Motor Co., Inc.*,
 2017 WL 8236359 (C.D. Cal. Dec. 4, 2017) ..............................................................5

*Marrache v Bacardi U.S.A., Inc.*,
 2020 WL 434928 (S.D. Fla. Jan. 28, 2020) ..............................................................21

*Maynard v Bd. of Regents of Di v of Univs. of Fla. Dep't of Educ. ex rel. Uni v of*
 *S. Fla.*, 342 F.3d 1281 (11th Cir. 2003).................................................................12

iii

## TABLE OF AUTHORITIES - cont'd

**PAGE**

*Melton v Century Arms, Inc.*,
   243 F. Supp. 3d 1290 (S.D. Fla. 2017) .................................................................9

*In re Monat Hair Care Products Marketing, Sales Practices, and Products
   Liability Litigation*, 2019 WL 5423457 (S.D. Fla. Oct. 23, 2019) ........................22

*Nicosia v Amazon*,
   834 F.3d 220 (2d Cir. 2016)..................................................................................17

*O'Shea v Littleton*,
   414 U.S. 488 (1974)...............................................................................................22

*Ohio State Troopers Ass'n, Inc. v Point Blank Enterprises, Inc.*,
   347 F. Supp. 3d 1207 (S.D. Fla. 2018) ................................................................23

*Padilla v Porsche Cars N. Am., Inc.*,
   391 F. Supp. 3d 1108 (S.D. Fla. 2019) ..........................................7, 8, 9, 10, 12, 13

*Patterson v RW Direct, Inc.*,
   2018 WL 6106379 (N.D. Cal. Nov. 21, 2018) ..................................................5, 13

*PB Prop. Mgmt., Inc. v Goodman Mfg. Co., L.P.*,
   2013 WL 12172912 (M.D. Fla. Aug. 23, 2013) ...................................................19

*Sanchez-Knutson v Ford Motor Co.*,
   52 F. Supp. 3d 1223 (S.D. Fla. 2014) ..............................................................7, 9

*Shaw v BRP US, Inc.*,
   2020 WL 2141817 (C.D. Cal. Mar. 31, 2020) .......................................................4

*Short v Hyundai Motor Co.*,
   2020 WL 1248782 (W.D. Wash. Mar. 16, 2020) ...................................................4

*In re Takata Airbag Prod. Liab. Litig.*,
   193 F. Supp. 3d 1324 (S.D. Fla. 2016) .................................................................8

*Tershakovec v Ford Motor Co.*,
   2018 WL 3405245 (S.D. Fla. July 12, 2018)....................................................9, 12

*Toca v Tutco, LLC*,
   430 F. Supp. 3d 1313 (S.D. Fla. 2020) ............................................................12, 13

*Tyman v Pfizer, Inc.*,
   2017 WL 6988936 (S.D.N.Y. Dec. 27, 2017) ......................................................18

iv

## <u>TABLE OF AUTHORITIES - cont'd</u>

<u>PAGE</u>

*Varnes v Home Depot USA, Inc.*,
    2012 WL 5611055 (M.D. Fla. Nov. 15, 2012) ....................................................................20

*Weaver v Mateer & Harbert, P.A.*,
    2012 WL 3065362 (M.D. Fla. July 27, 2012), *aff'd*, 523 F. App'x 565 (11th
    Cir. 2013) ......................................................................................................................15

*Weisblum v Prophase Labs, Inc.*,
    88 F. Supp. 3d 283 (S.D.N.Y. 2015)........................................................................4

*White v First Am. Registry*,
    230 F.R.D. 365 (S.D.N.Y. 2005) ............................................................................17

<u>*Williams*</u> v Yamaha Motor Corp., U.S.A.,
    2015 WL 13626022 (C.D. Cal. Jan. 7, 2015) ....................................................14, 15

*Wilson v De Angelis*,
    156 F.Supp.2d 1335 (S.D.Fla. 2001) ....................................................................14

*Winter v Am. Inst. of Med. Scis. & Educ.*,
    242 F. Supp. 3d 206 (S.D.N.Y. 2017)....................................................................19

<u>**State Cases**</u>

*Cedars of Lebanon Hosp. Corp. v European X-Ray Distribs. of America, Inc.*,
    444 So. 2d 1068 (Fla. Dist. Ct. App. 1984) ....................................................10, 11

*Cerasani v Am. Honda Motor Co.*,
    916 So. 2d 843 (Fla. Dist. Ct. App. 2005) ................................................................8

*ISK Biotech Corp. v Douberly*,
    640 So. 2d 85 (Fla. Dist. Ct. App. 1994) ........................................................10, 11

*Mesa v BMW of N. Am., LLC*,
    904 So. 2d 450 (Fla. Dist. Ct. App. 2005) ................................................................8

*Ocana v Ford Motor Co.*,
    992 So. 2d 319 (Fla. Dist. Ct. App. 2008) ................................................................6

*Rentas v DaimlerChrysler Corp.*,
    936 So.2d 747 (Fla. Dist. Ct. App. 2006) ................................................................8

*Spolski Gen. Contractor v Jett–Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*,
    637 So.2d 968 (Fla. Dist. Ct. App. 1994) ................................................................8

v

## TABLE OF AUTHORITIES - cont'd

**PAGE**

*Weiss v Johansen*,
   898 So.2d 1009 (Fla. Dist. Ct. App. 2005) ................................................................8

## Federal Statutes

15 U.S.C § 2310(d)(3) ..............................................................................................2, 3, 6

28 U.S.C. § 1331 .............................................................................................................3

## PRELIMINARY STATEMENT

Despite amending her complaint after receiving The Cookware Company (USA) LLC's motion to dismiss her original complaint, Plaintiff Lamb's Amended Complaint remains fatally flawed. Those flaws were not rectified by her amendment, and they could not be rectified by any further amendments. Her Amended Complaint should be dismissed with prejudice.

Lamb concedes in her opposition brief—after having pleaded it twice—that her express warranty claim is barred. She does not allege that Cookware breached its Limited Lifetime Warranty, which was printed on the packaging, included in its product insert, and available on its website. So the sole, remaining basis for her Magnusen Moss Warranty Act ("MMWA") claim is her Florida implied warranty claim. That claim fails as a matter of law because she has not, and cannot, allege privity with Cookware. She pleaded that she purchased the Pan from Walmart. Lamb relies on a single case from the Southern District of Florida to argue that there is an exception to the privity requirement based on a third-party beneficiary theory and her claim survives based on that theory. Setting aside that the Amended Complaint does not even utter the phrase "third-party beneficiary," the argument fails as the case she relies upon was rejected by the Southern District of Florida just last year. Moreover, even if there were such an exception under Florida law, it would still require direct contact between the manufacturer and the consumer in order for the third-party beneficiary exception to be invoked. There was no such contact here.

Similarly, Lamb's unjust enrichment claim fails because there admittedly was a contract—Cookware's Limited Lifetime Warranty—that covers the alleged defect here. When there is an express contract covering the claim, a plaintiff cannot invoke the equitable remedy of

unjust enrichment. Indeed, here Lamb does not even allege that she has no adequate remedy at law. Such pleading failures require dismissal of her unjust enrichment claim.

Finally, Lamb's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim fails because: (1) she has not satisfied Rule 9; (2) the claim merely repackages her warranty claim; (3) she has not suffered an actual injury; and (4) she fails to allege imminent future harm to support standing for injunctive relief.

Lamb's Amended Complaint should be dismissed with prejudice, and without leave to replead.

## ARGUMENT

### POINT I.
### PLAINTIFF'S MAGNUSON-MOSS WARRANTY CLAIM FAILS BECAUSE THE COURT DOES NOT HAVE JURISDICTION AND, EVEN IF IT DID, PLAINTIFF DOES NOT HAVE A VIABLE STATE LAW IMPLIED WARRANTY CLAIM

This court has previously ruled that the Class Action Fairness Act does not provide an "alternative" basis for jurisdiction over a MMWA claim. And as Lamb makes no effort to argue that she satisfies the requirements of 15 U.S.C § 2310(d)(3), the court does not have subject matter jurisdiction over Plaintiff's first claim seeking a nationwide class action under the MMWA. Even if jurisdiction were proper, Lamb's claim fails because she has not alleged a violation of the MMWA, or a viable state law warranty claim. Again, Lamb does not allege, nor argue, that Cookware breached the Limited Lifetime Warranty printed on the product packaging, product insert, or on its website. And now she has withdrawn her breach of express warranty claim. *See* Docket Entry 25, p. 1 ("Plaintiff concedes her express warranty cause of action is barred . . . ."). Accordingly, the sole basis for her MMWA claim now rests on the viability of her

Florida implied warranty claim. As discussed *infra* Point II, Lamb's implied warranty claim fails as a matter of law because she has not alleged, and cannot allege, privity with Cookware.

In *Ebin v Kangadis Food Inc.*, 2013 WL 3936193 (S.D.N.Y. Jul. 26, 2013) this Court addressed whether CAFA provides an alternative basis for jurisdiction over a MMWA claim when the complaint itself clearly does satisfy the requirements of 15 U.S.C. § 2310(d)(3). The *Ebin* court expressly held that CAFA did not provide jurisdiction over that claim:

> Plaintiffs' complaint alleges subject matter jurisdiction on two grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331 based on plaintiffs' claim under the Magnuson–Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.,* coupled with supplemental jurisdiction over the remaining New York and New Jersey state-law claims, and (2) diversity jurisdiction under CAFA. As to the first ground, section 2310(d)(1)(B) of the MMWA creates a cause of action for breach of warranty, which may be brought "in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Subsection 3, in turn, provides:
>
> > No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.
>
> 15 U.S.C.A. § 2310(d)(3). At oral argument on June 6, plaintiffs' counsel conceded that plaintiffs cannot meet these jurisdictional requirements. Tr. at 4–5. Accordingly, this Court has jurisdiction, if at all, only under CAFA.
>
> Before turning to whether CAFA's requirements are met, however, the Court must address plaintiffs' contention at oral argument that "CAFA creates an alternative basis for federal jurisdiction over the [MMWA] claim." *Id.* at 5. In line with that suggestion, plaintiffs' supplemental letter brief continues to cite MMWA cases and to calculate the amount in controversy on the basis of a nationwide class, suggesting that plaintiffs take the position that their MMWA

3

> claims are still viable if this Court has jurisdiction under CAFA. That position is incorrect. Indeed, it is flatly contradicted by the plain text of the MMWA. As stated above, the MMWA provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection"—*i.e.,* a suit brought under the MMWA in federal district court—unless the MMWA's independent jurisdictional requirements are met. Since plaintiffs concededly cannot meet the MMWA's jurisdictional prerequisites, their MMWA is dismissed.

*Id.* at *1; *but see Weisblum v Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015).

And the *Ebin* court is not alone in its analysis. *See Goldstein v Gen. Motors LLC*, 2020 WL 1849659, at *6 (S.D. Cal. Apr. 13, 2020) ("Section 2310(d)(3)(C), of the MMWA, states that no claim shall be cognizable in a district court 'if the action is brought as a class action and the number of named plaintiffs is less than one hundred.' Thus, it provides a necessary condition that class plaintiffs must meet before they can make a MMWA claim, which is a distinct federal cause of action for certain warranty violations. CAFA merely provides a basis for federal courts to exercise diversity jurisdiction over state law claims between diverse parties. CAFA does not create a cause of action on its own, and it cannot create a cause of action under a separate federal statute if the requirements of that separate statute have not been met. The Court also finds it persuasive that "the weight of more recent authority is that the 100-plaintiff requirement cannot be supplanted by the prerequisites for exercising diversity jurisdiction under CAFA."); *Shaw v BRP US, Inc.*, 2020 WL 2141817, at *4 (C.D. Cal. Mar. 31, 2020)[1] (dismissing plaintiff's MMWA class action claim because the complaint failed to comply with the MMWA jurisdictional requirements and CAFA did not provide an alternative basis for jurisdiction); *Short v Hyundai Motor Co.,* 2020 WL 1248782, at *15 (W.D. Wash. Mar. 16, 2020) (accord); *Floyd v*

---

[1]   This is the same court that issued the *Keegan v Amer. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929 (C.D. Cal. 2012) that Lamb relies upon in her opposition brief.

4

*Am. Honda Motor Co., Inc.*, 2018 WL 6118582, at *4 (C.D. Cal. Jun. 13, 2018) (rejecting the

argument that CAFA provided an alternative basis for subject matter jurisdiction over plaintiff's

MMWA claim and holding that: "[p]laintiffs have failed to comply with the internal

requirements of the Magnuson-Moss Warranty Act because they failed to name one hundred

plaintiffs. Thus, the claim under the Magnuson-Moss Act is dismissed."); *MacDougall v Am.*

*Honda Motor Co., Inc.*, 2017 WL 8236359, at *4 (C.D. Cal. Dec. 4, 2017) (rejecting jurisdiction

of the MMWA claim based on CAFA and holding that "[b]ecause Plaintiffs have failed to

comply with the internal requirements of the Magnuson-Moss Act—they haven't named more

than 100 plaintiffs—the Court must dismiss this claim").

In *Cadena v Am. Honda Motor Co., Inc.*, 2019 WL 3059931 (C.D. Cal. May 29, 2019)

the plaintiff made the same argument that Lamb does here, that CAFA provides an alternative

basis for jurisdiction over a MMWA claim. The plaintiff cited many of the same cases that Lamb

cites in her opposition brief. The *Cadena* court, while recognizing those cases, rejected the

argument and noted the more recent trend of enforcing the MMWA according to its terms:

> The Court agrees with Honda, as the weight of more recent authority
> is that the 100-plaintiff requirement cannot be supplanted by the
> prerequisites for exercising diversity jurisdiction under CAFA. *See*
> *Patterson v RW Direct, Inc.*, No. 18-CV-00055-VC, 2018 WL
> 6106379, at *2 n.2 (N.D. Cal. Nov. 21, 2018); *MacDougall v Am.*
> *Honda Motor Co.*, No. SACV1701079AGDFMX, 2017 WL
> 8236359, at *4 (C.D. Cal. Dec. 4, 2017).
>
> Accordingly, the Motion is **GRANTED *without leave to amend*** as
> to Plaintiffs' claims asserted under the Magnuson-Moss Warranty
> Act.

*Id.* at *1 (emphasis in original).

In a related context, most courts in the Second Circuit have held that a federal court

cannot exercise supplemental jurisdiction over a MMWA claim that does not meet the statutory

requirements, even if there is another claim alleged that is properly in federal court. Your Honor specifically held as such in *Jager v Boston Road Auto Mall,* 2015 WL 235342, at *4 (S.D.N.Y. Jan. 16, 2015), concluding that, "by enacting the specific jurisdictional limitations for Magnuson–Moss claims in federal court, Congress foreclosed the exercise of supplemental jurisdiction" over MMWA claims for less than $50,000. *See also Alkhatib v New York Motor Group LLC*, 2015 WL 3507340, at *24 (E.D.N.Y. Jun. 3, 2015), *report and recommendation adopted in relevant part*, 2016 WL 5660372 (E.D.N.Y. Sept. 30, 2016) (noting most courts in the Second Circuit have held that they do not have supplemental jurisdiction over a MMWA claim that does not otherwise meet the statutory jurisdictional requirements).

Simply put, in order to proceed with a MMWA class action claim in federal court, Lamb must be able to satisfied the subject matter jurisdiction requirements of 15 U.S.C. § 2310(d)(3). Lamb has not, and cannot, satisfy those requirements. As such, even if she had a viable Florida implied warranty claim—which she does not—her MMWA claim must still be dismissed.

## POINT II.
### PLAINTIFF'S IMPLIED WARRANTY CLAIM FAILS BECAUSE SHE IS NOT IN PRIVITY WITH THE COOKWARE COMPANY

As discussed at length in Cookware's initial brief, Lamb's breach of implied warranty claim fails because, under both New York and Florida law, privity is required between a manufacturer and a consumer in order to assert a viable implied warranty claim. Lamb purchased the Pan from Walmart, negating any privity between herself and Cookware. As such, Lamb's Third Cause of Action must be dismissed. *See Ocana v Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. Dist. Ct. App. 2008) ("Under Florida law, privity of contract is required to maintain an action for breach of an implied warranty."); *Brisson v Ford Motor Co.*, 602 F. Supp. 2d 1227,

1232 n.5 (M.D. Fla. 2009) ("[T]he general rule is that when a vehicle is purchased directly from a dealer, as opposed to the manufacturer, no privity exists between the [consumer and the manufacturer].") *aff'd in relevant part, vacated on other grounds*, 349 Fed. Appx. 433 (11th Cir. 2009)); *David v Am. Suzuki Motor Corp*., 629 F. Supp. 2d 1309, 1323 (S.D. Fla. 2009) (discussing at length Florida's history requiring privity between a purchaser and manufacturer to have a viable implied warranty claim and dismissing the plaintiff-purchaser's implied warranty claim because he purchased the subject motorcycle from a dealer, not the manufacture Suzuki: "I therefore dismiss Plaintiff's implied warranty claim as Plaintiff does not have privity with Defendants, as required by Florida law."); *Foster v Chattem, Inc.*, 2014 WL 3687129, at *3 (M.D. Fla. July 24, 2014) ("Because Plaintiff merely alleges that she saw the packaging in the store and then purchased the product and does not allege that any personal contact occurred between herself and a representative of Defendant, she has failed to demonstrate privity.").

In opposition, Lamb argues that she was a third-party beneficiary of the contract between Cookware and Walmart and, therefore, she has satisfied the privity requirement. Plaintiff relies on a single Florida case, *Sanchez-Knutson v Ford Motor Co*., 52 F. Supp. 3d 1223 (S.D. Fla. 2014), to support her argument. *Sanchez-Knutson* has been criticized and another judge in the Southern District of Florida has declined to follow it.

Just last year, in *Padilla v Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1115-16 (S.D. Fla. 2019), the court reaffirmed that "[u]nder Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity." *Id.* at 1115-16 (citations omitted). The *Padilla* court was emphatic that "[t]ime and again, Florida courts have dismissed breach of implied warranty claims under Florida law for lack of contractual privity

where the plaintiff purchaser did not purchase a product directly from the defendant. *Id.* (citing

*Rentas v DaimlerChrysler Corp.*, 936 So.2d 747, 751 (Fla. Dist. Ct. App. 2006) (affirming

dismissal of breach of implied warranty claim against DaimlerChrysler for lack of contractual

privity where plaintiffs purchased used vehicle from dealership, and not directly from

DaimlerChrysler); *Cerasani v Am. Honda Motor Co.*, 916 So. 2d 843, 847 (Fla. Dist. Ct. App.

2005) (affirming dismissal of breach of implied warranty claim against American Honda for lack

of contractual privity where plaintiff did not lease vehicle from American Honda, but instead,

leased vehicle from a lessor that purchased the vehicle from a dealership); *Mesa v BMW of N.*

*Am., LLC*, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) (affirming trial court's grant of

summary judgment to BMW on breach of implied warranty claim because plaintiff leased

vehicle from dealership, and thus "there was no privity of contract between [plaintiff] and

BMW"); *Weiss v Johansen*, 898 So.2d 1009, 1012 (Fla. Dist. Ct. App. 2005) ("[I]n order to

recover for breach of a warranty either express or implied, the plaintiff must be in privity of

contract with the defendant."); *Spolski Gen. Contractor v Jett–Aire Corp. Aviation Mgmt. of*

*Cent. Fla., Inc.*, 637 So.2d 968, 970 (Fla. Dist. Ct. App. 1994) (finding no contractual privity

where "there was no sale from Moore to Spolski, no contract between Spolski and Moore, no

reliance by Spolski on any warranty, no warranty given to Spolski, and no indemnity because

there was no relationship between Spolski and Moore on the Jett–Aire project").

And to put a finer point on the privity requirement, the *Padilla* court held that

"[c]onsistent with the overwhelming weight of Florida law, this Court has repeatedly ruled that

to establish contractual privity to state a breach of implied warranty claim, plaintiffs must

purchase the product at issue directly from the defendant. *Id.* (citing *In re Takata Airbag Prod.*

*Liab. Litig.*, 193 F. Supp. 3d 1324, 1346 (S.D. Fla. 2016) ("Mazda is an automotive distributor,

8

not a dealer. [Plaintiff] could not have purchased his vehicle from Mazda. Thus, [Plaintiff] lacks

privity with Mazda and the implied warranty claim must fail."); *Tershakovec v Ford Motor Co.*,

2018 WL 3405245, at *10 (S.D. Fla. July 12, 2018) (dismissing breach of implied warranty

claim under Florida law against Ford because Plaintiffs "purchased their vehicles from

authorized Ford dealerships, not from Ford directly," and thus Plaintiffs "lack[ed] privity with

Ford"); *Melton v Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1303–04 (S.D. Fla. 2017)

(dismissing breach of implied warranty claim under Florida law for lack of contractual privity

where plaintiffs purchased rifles from third-party sellers, and not directly from the defendant

manufacturers).

      Finally, the *Padilla* court directly addressed, and rejected, the plaintiff's argument that

there was an exception to the privity requirement for implied warranty claims based on the third-

party beneficiary theory proposed in *Sanchez-Knutson*:

> Nevertheless, Plaintiffs argue they can still establish contractual
> privity under the third-party beneficiary exception under *Sanchez-
> Knutson v Ford Motor Co.*, 52 F. Supp. 3d 1223 (S.D. Fla. 2014).
> There, a federal district court recognized the third-party beneficiary
> exception, and ruled the plaintiff sufficiently established contractual
> privity because the plaintiff pleaded that she purchased a Ford
> vehicle from a dealer who was an agent of Ford, and that the plaintiff
> was the intended consumer of the vehicle. *Id.* at 1232–34.
>
> In *Tershakovec v Ford Motor Co.*, this Court confronted—and
> rejected—the very argument advanced by Plaintiffs here. *Compare*
> 2018 WL 3405245, at *10, *with* D.E. 22 at 20–21. This Court,
> consistent with its own prior rulings, declined to follow *Sanchez-
> Knutson* and ruled that contractual privity could not be established
> because the plaintiffs "could not have purchased their vehicles from
> Ford," who was "an automotive distributor, not a dealer." *Id.*
> Likewise here, consistent with this Court's prior rulings—and with
> the overwhelming weight of Florida authority, *see supra*—the Court
> declines to follow *Sanchez-Knutson*.

Plaintiffs' third-party beneficiary exception argument also relies on the Eleventh Circuit's ruling in *Glob. Quest, LLC v Horizon Yachts, Inc.*, 849 F.3d 1022 (11th Cir. 2017). But this reliance is misplaced. In *Glob. Quest, LLC*, the plaintiff obtained a limited express warranty through direct negotiations with certain defendants for the purchase of a super-yacht. *Id.* at 1025–26. The district court ruled that the Magnuson-Moss Warranty Act did not apply to limited warranties, and thus granted summary judgment to defendants. *Id.* at 1031. The Eleventh Circuit reversed, ruling that the "plain language" of the Magnuson-Moss Warranty Act "prohibits sellers from disclaiming implied warranties when either a full or a limited warranty is provided by the seller." *Id.* The Eleventh Circuit explained that "[i]f a jury concludes that one or all of the defendants issued or agreed to be bound by the limited written warranty, the disclaimer of implied warranties therefore would be ineffective to bar plaintiff's claim." *Id.*

Only then, the Eleventh Circuit addressed certain defendants' argument—an argument "in the alternative," *id.* at 1032—that they were entitled to summary judgment because plaintiff could not establish contractual privity. *Id.* The Eleventh Circuit rejected this argument, finding there was a genuine issue of material fact as to which defendant(s) "issued the limited express warranty," and consequently a genuine issue of material fact regarding contractual privity. *Id.* In so ruling, the Eleventh Circuit then noted that "Florida courts have found the privity requirement to be satisfied when a manufacturer directly provides a warranty to, or otherwise has direct contact with, a buyer who purchases from a third party." *Id.* (citing *ISK Biotech Corp. v Douberly*, 640 So. 2d 85, 88 (Fla. Dist. Ct. App. 1994); *Cedars of Lebanon Hosp. Corp. v European X-Ray Distribs. of America, Inc.*, 444 So. 2d 1068, 1072 & n.4 (Fla. Dist. Ct. App. 1984)). It is this language that Plaintiffs clasp onto. (*See* D.E. 22 at 21.)

The Court interprets this language as non-binding dicta and does not construe it (or the cited Florida cases) as confirming—let alone establishing under Florida law—a third-party beneficiary exception to the contractual privity requirement.

*Padilla*, 391 F. Supp. 3d at 1117-18.

Notwithstanding its determination that the *Global Quest LLC* language was dicta, the

*Padilla* court went on to distinguish *Global Quest* and the cases upon which it was based, with

the facts of that case, where the plaintiff purchased his Porsche from a dealer, not the

manufacturer directly:

> But, to the extent this language is not dicta, *Glob. Quest, LLC* and the cited Florida cases are distinguished from the immediate case for a simple crucial reason: the plaintiff purchasers in those cases had direct negotiations with, or received direct representations through agents from, the defendants. In *Glob. Quest, LLC*, the Eleventh Circuit's analysis centered around the direct negotiations between the parties. Specifically, the Eleventh Circuit noted that a jury could find the plaintiff received "a unique limited express warranty that was provided and specifically negotiated as part of the purchase," and later noted that there was evidence that certain defendants were "directly involved in the negotiation of the purchase and limited warranty." *Glob. Quest, LLC*, 849 F.3d at 1032. In *ISK Biotech Corp.*, the court sustained a finding of contractual privity under a breach of express warranty claim because the defendant manufacturer's representative informed a third-party seller that the seller could in turn "assure" purchasers that the product would not destroy crops. 640 So. 2d at 88. And in *Cedars of Lebanon Hosp. Corp.*, the defendant manufacturer's representative "called upon" the plaintiff purchaser and "made direct representations" about the equipment in dispute. 444 So. 2d at 1072.
>
> Here, unlike in those cases, Plaintiffs do not allege any factual matter that Porsche was "directly involved in the negotiation of the purchase and limited warranty" of the used vehicles, *Glob. Quest, LLC*, 849 F.3d at 1032; that Porsche "made direct representations" to Plaintiffs concerning the used vehicles, *Cedars of Lebanon Hosp. Corp.*, 444 So.2d at 1072; or that Porsche made direct representations to The Collection or Carmax that were in turn "assure[d]" to Plaintiffs about the used vehicles, *ISK Biotech Corp.*, 640 So.2d at 88. Indeed, the Florida District Court of Appeal in *Cedars of Lebanon Hosp. Corp.* "emphasize[d]" that it "focus[ed] on the direct contacts between the manufacturer and the ultimate purchaser/consumer in finding that privity exist[ed] in th[e] case." 444 So. 2d at 1072 n.4. The District Court of Appeal continued: "[h]ad there been no direct contact between the two parties, [the] contention that there was no privity, and thus no liability for breach of warranties, would be correct. It is the *direct contacts* which create the express and implied warranties under [Florida law]." *Id.* (emphasis added). Therefore, the lack of direct negotiations or contacts between Porsche and Plaintiffs, and lack of representations made by Porsche to Plaintiffs, renders these authorities inapposite.

11

Consequently, the Court will not find (under Florida law) that contractual privity can be established through the third-party beneficiary exception.

Finally, even if the third-party beneficiary exception exists under Florida law, Plaintiffs' conclusory allegations—that they were the intended third-party beneficiaries of "contacts between Porsche and its dealers" and "Porsche's implied warranties" (D.E. 1 at ¶ 78)— fall short of invoking this exception to the privity requirement. *See Leon v Cont'l AG*, 301 F. Supp. 3d 1203, 1224 (S.D. Fla. 2017) ("A claim for a breach of implied warranty under a third-party beneficiary theory, if it exists, does not arise from the conclusory assertion that Plaintiffs were 'the intended third-party beneficiaries of contracts between Defendants and its dealers.'").

Simply put, Plaintiffs purchased their used Porsche vehicles from The Collection and Carmax dealerships—not directly from Porsche. Because Porsche did not directly sell, or negotiate the sale of, the used vehicles to Plaintiffs, there is no contractual privity, and thus Plaintiffs cannot state a claim for breach of the implied warranty of merchantability under Florida law. Therefore, Porsche's Motion to Dismiss Count II is granted. Furthermore, Count II is dismissed with prejudice because any amendment would be futile. *See Maynard v Bd. of Regents of Di v of Univs. of Fla. Dep't of Educ. ex rel. Uni v of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citing "futility of the amendment" as a ground for denying leave to amend); *Tershakovec*, 2018 WL 3405245, at *10, *14 (dismissing with prejudice breach of implied warranty claim for lack of contractual privity).

*Padilla*, 391 F. Supp. 3d at 1117-19; *see also Toca v Tutco, LLC*, 430 F. Supp. 3d 1313, 1326 (S.D. Fla. 2020) (dismissing plaintiff's implied warranty claim because, even if there was a third-party beneficiary exception to the privity requirement, plaintiff did not satisfy the exception because he alleged no direct contact between himself and the manufacturer: "The Florida cases construing and applying this exception involve a much stronger tie between the purchaser-

plaintiff and the manufacturer; they involved *direct* contact by means of actual one-on-one communication.") (emphasis in original).

Here, as in *Padilla* and *Toca*, there are no allegations of direct contact between Cookware and Lamb. So even if there was a recognized third-party beneficiary exception to the privity requirement for implied warranty claims under Florida law, Lamb's Amended Complaint is still deficient. As her implied warranty claim must be dismissed, so must her MMWA claim.

### POINT III.
### PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS
### DUPLICATIVE OF HER BREACH OF WARRANTY CLAIMS

Lamb's Amended Complaint and opposition still do not address the glaring deficiencies in her unjust enrichment claim. Her unjust enrichment claim is based on the same alleged defect in the Pan as her MMWA claim, her implied warranty claim, and her FDUPTA claim. *See* Amended Complaint, ¶¶ 65-70. And, she has not alleged that she has no adequate legal remedy, nor can she as there is an express, Limited Lifetime Warranty covering the alleged defect. Such pleading defects are fatal to her claims.

In *David v Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009) the court addressed an unjust enrichment claim in the context of a MMWA/breach of warranty complaint. And on the defendant's motion to dismiss, in addition to dismissing the implied warranty claim for lack of privity, the court dismissed the unjust enrichment claim for the same pleading deficiencies found here:

> Here, Plaintiff has failed to plead adequately unjust enrichment. The basis of Plaintiff's unjust enrichment claim is the alleged defect in the frame of the motorcycle, which is also the basis of Plaintiffs breach of express warranty claim. The unjust enrichment claim arises out of Defendants' alleged failure to perform under the

13

warranty, and the damages pled under unjust enrichment are not distinct from those pled under express warranty. Therefore, without determining whether Defendants have breached the express warranty, I conclude that Plaintiff has available a contractual remedy through the breach of express warranty claim. Critically, Plaintiff fails to allege that this contractual remedy is inadequate, as required to state a claim for unjust enrichment. *See Nautica Int'l, Inc.,* 5 F.Supp.2d at 1342 (dismissing unjust enrichment claim because the plaintiff failed to allege that an adequate remedy at law does not exist); *Kraft Co., Inc. v J & H Marsh & McLennan of Florida, Inc.,* No. 04–2359–CIV, 2006 WL 1876995, at *3 (M.D.Fla.2006) (dismissing unjust enrichment claim because claim arose out of performance of an express contract, and express contract provides legal remedy); *cf. Wilson v De Angelis,* 156 F.Supp.2d 1335, 1341 (S.D.Fla. 2001) (denying motion to dismiss unjust enrichment claim because plaintiff alleged "no adequate legal remedy exists to compensate Plaintiff."). I therefore dismiss Plaintiff's unjust enrichment claim.

*Id.* at 1324-25.

Here, there is no dispute that Cookware provided an express, Limited Lifetime Warranty—it was on the package, in the product insert, and on its website. The fact that Lamb ignores that express warranty, and has taken affirmative steps to insure that she cannot comply with it by disposing of the Pan, is of no moment. The import is that she had an adequate remedy at law and has not alleged that Cookware breached said obligation.

In *Williams v Yamaha Motor Corp., U.S.A.,* 2015 WL 13626022 (C.D. Cal. Jan. 7, 2015), the court, relying on *David*, held that in such circumstances the unjust enrichment claim must be dismissed:

The Court finds this reasoning [*David*] persuasive. Although certain Plaintiffs were not in privity with Defendant because they did not purchase the products from Defendant, it is indisputable that the warranty provided a contractual remedy to each of the Plaintiffs for the coverage period specified in the warranty, and that is enough. That is, it is not the existence of a contractual relationship between the parties that bars Plaintiffs' unjust enrichment claims but the existence of a contract (the express warranty) covering the dispute

14

> between the parties. Accordingly, because the express warranty here covers disputes over product defects, Plaintiffs may not bring an unjust enrichment based on those defects. Plaintiffs' unjust enrichment claims are therefore **DISMISSED with prejudice** on this basis.

*Id.* t * 15 (emphasis in original).

The case law relied upon by Lamb in her opposition is in applicable to the case at bar, or actually support Cookware's position. For example, in *Coleman v CubeSmart*, 328 F. Supp. 3d 1349 (S.D. Fla. 2018), cited by Lamb at page 15 of her memorandum, the court dismissed the plaintiff's unjust enrichment claim for the same pleading deficiencies found here:

> But while Coleman now says (in a memorandum opposing the dismissal motion) that he has pled an unjust enrichment claim in the alternative , his Complaint is not so clear. Count IV does not say that it is pled in the alternative or that it seeks alternative relief. Count IV is further based on the same predicate common facts underlying the other counts. And Coleman cannot amend his Complaint by way of an opposition response. Therefore, Coleman has failed to adequately plead an unjust-enrichment claim. *See Weaver v Mateer & Harbert, P.A.*, No. 5:09-CV-514-OC-34TBS, 2012 WL 3065362, at *11 (M.D. Fla. July 27, 2012), aff'd, 523 F. App'x 565 (11th Cir. 2013) ("[T]he Court recognizes that breach of contract and unjust enrichment claims may be pled in the alternative. However, although Plaintiff may be entitled to plead in the alternative, that is not what Plaintiff has done in this case. Plaintiff's unjust enrichment claim relies on the factual predicate common to all its claims.") (internal citations omitted).

> In addition, "because [Coleman's] complaint also alleges that a valid contract exists," he "must allege that no adequate remedy at law exists within [his] unjust enrichment claim." *Begualg In v Mgmt. Inc. v Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *7 (S.D. Fla. Sept. 23, 2011). Coleman has not alleged (in the alternative or otherwise) that he lacks an adequate remedy at law, even though he *does* allege that a contract exists.

*Id.* at * 1367. As such, the plaintiff's claim was dismissed. The same result was reached in

*Charouhis v Am. Auto. Ins. Co.*, 2012 WL 13014693 (S.D. Fla. Jun. 18, 2012) and *Begualg In v*

*Mgt. Inc. v Four Seasons Hotel Ltd.*, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011),[2] which were also cited by Lamb in her opposition.[3]

As in *Coleman*, *Charouhis*, and *Begualg*, there is no allegation in Lamb's original complaint, nor her Amended Complaint, that her unjust enrichment claim is pleaded in the alternative. And, as discussed above, there is no allegation that she does not have an adequate remedy at law—which she clearly did if she abided by the Limited Lifetime Warranty. Lamb's pleading defects are fatal and cannot be rectified with yet another amendment.

Plaintiff Lamb's Fourth Cause of Action should be dismissed with prejudice.

## POINT IV.
## PLAINTIFF FAILS TO SATISFY THE PROSPECTIVE HARM REQUIREMENT TO HAVE STANDING TO PURSUE INJUNCTIVE RELIEF ON HER STATUTORY OR EQUITABLE CLAIMS

Lamb's request for injunctive relief should be dismissed because her substantive claims fail as a matter of law. But even if those claims survive, she still lacks standing to pursue such injunctive relief. In her opposition, Lamb conflates standing to pursue injunctive relief under FDUTPA with standing to pursue injunctive relief under her other claims. Here, we address the request for injunctive relief on her non-FDUTPA claims and *infra* Point V we address the FDUTPA claims.

---

[2]   The *Begualg* court also dismissed the plaintiff's FDUPTA claim for failure to satisfy F.R.C.P. 9(b) because they did "not detail[] the required who, what, where, when, how of the allegedly false and misleading advertising and again fail[ed] to specify each Defendant's participation in the alleged fraud." *Id.* at * 5.

[3]   Lamb also cites to *James v Yamaha Motor Corp.*, 2016 WL 3083378 (S.D. Fla. May 31, 2016), but there the plaintiff pleaded his unjust enrichment count "in the alternative should Plaintiffs' statutory claims fail or be dismissed." There is no "in the alternative" allegation here.

With regard to the non-FDUTPA claims, there is no dispute that: "A plaintiff cannot rely on a past injury alone because '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects.'" *Buonasera v The Honest Company, Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016). (quoting *Lyons*, 461 U.S. at 102 (other citations omitted). "Rather, the plaintiff must 'demonstrate that she is likely to be harmed again in the future in a similar way.'" *Id.* (quoting *Nicosia v Amazon*, 834 F.3d 220, 239 (2d Cir. 2016)). Here, Lamb alleges for her future harm that she might accidentally purchase a product from a different product line manufactured by Cookware—one that may not even be in existence today. Amended Complaint, ¶ 29. As discussed in Cookware's opening brief, and left unaddressed by Lamb in her opposition, there are no allegations in the Amended Complaint that Cookware's other products contain the same alleged defect as the Pan at issue in this case. Furthermore, Lamb cites no case law to support her speculative future harm argument and we could find none. Rather, the courts have held that such speculative future harm is not sufficiently actual or imminent to confer standing on a putative consumer class action plaintiff to seek an injunction. *See White v First Am. Registry*, 230 F.R.D. 365, 368 (S.D.N.Y. 2005) ("the risk of any future injury as a result of FAR's policy is speculative and falls well short of the realistic threat required to obtain equitable relief.").

The one case Lamb does cite in general support of her standing argument is inapposite. In *Delgado v Ocwen Loan Servicing, LLC*, 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014), the plaintiffs were suing on behalf of a purported class, alleging that the defendants engaged in a deceptive check solicitation scheme that led plaintiffs and other consumers to unknowingly enroll in and pay monthly fees for home warranty plans. When analyzing whether the plaintiffs had standing to seek injunctive relief, the court noted that plaintiffs were still being contacted by

17

the defendants and at risk of falling prey to the exact same conduct of which they were

complaining:

> The Delgados received check solicitations from Cross Country after
> cancelling their plan, and Mahood received an allegedly deceptive
> transaction statement from Ocwen even after this action was filed.
> (FAC ¶¶ 39 n. 2, 144 & Ex.) It also appears that Ocwen still services
> the Plaintiffs' mortgages, exposing them to future mailings of this
> nature.

As such, the plaintiffs in *Delgado* actually pleaded facts to support their allegation of ongoing

and potential future harm *to themselves*. There are no such allegations here by Lamb.

Simply put, Lamb's request for injunctive relief should be dismissed because she lacks

standing to pursue such equitable relief.


## POINT V.
## PLAINTIFF'S FDUTPA CLAIM FAILS AS A MATTER OF LAW

### A.      Rule 9(b) Applies and Plaintiff Has Failed to Satisfy It.

This Court applies Rule 9(b)'s heightened pleading standard to FDUTPA claims, when

they *sound in* fraud. *Hertz Corp. v Accenture LLP*, 2019 WL 5537997, at *2 (S.D.N.Y. Oct. 25,

2019); *Tyman v Pfizer, Inc.*, 2017 WL 6988936, at *7-8 (S.D.N.Y. Dec. 27, 2017). Lamb does

not dispute this directly; rather, she argues (ostensibly, tongue-in-cheek) that her allegations "are

not entirely … rooted in fraud." Docket Entry 25, at 17. This argument is unpersuasive. Lamb's

fundamental factual allegation is that the Pan failed to perform as promised, undermining the

very purpose for which it was purchased. Amended Complaint, ¶¶ 3-4, 78. In other words, Lamb

claims that Cookware falsely represented the nonstick nature of the Pan with the intent to induce

her to purchase it, and she was damaged. The gravamen of this complaint is clearly fraud, and

Rule 9(b) applies accordingly.

18

Lamb has still failed to satisfy Rule 9(b) in her Amended Complaint. She added two new factual allegations underpinning the FDUTPA violation: (a) Cookware represented that the Pan was nonstick when it was not; and (b) Cookware charged a premium for the Pan, which *implicitly* represented its superior nature. Amended Complaint, ¶ 76. But she still fails to explain how or why Cookware's nonstick representations were fraudulent or deceptive; she merely regurgitates the unadorned allegation that the Pan was not nonstick. *See* Docket Entry 25, at 18; *see also Hertz*, at *3. *Winter v Am. Inst. of Med. Scis. & Educ.*, 242 F. Supp. 3d 206, 226 (S.D.N.Y. 2017) (dismissing misrepresentation claim because plaintiff failed to explain why the allegedly false statements were fraudulent); *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018) (denying misrepresentation claim because the amended complaint did not explain why advertising for product was false). For example, Lamb makes no allegation that Cookware's nonstick technology failed to conform to specification or industry custom, and/or otherwise misled the reasonable consumer as to the technology's soundness or acceptance in the marketplace. She also fails to explain how or why Cookware's nonstick representations were fraudulent beyond her personal experience. And she still leaves out when these allegedly false statements were made by Cookware specifically to her. *See, e.g.*, *PB Prop. Mgmt., Inc. v Goodman Mfg. Co., L.P.*, 2013 WL 12172912, at *7 (M.D. Fla. Aug. 23, 2013) (while complaint adequately established the alleged misrepresentations, it failed to allege with specificity when they occurred). Her FDUTPA claim fails to meet the strict requirements of Rule 9(b), and the claim should be dismissed.

Lamb's FDUTPA claim also fails to state a claim under Rule 8. Beyond the two added factual allegations in the Amended Complaint, she merely recites the statutory language as the

basis of her cause of action. More is required under the law. *See, e.g.*, *Groshare v Wilson's Ltd., Inc.*, 2010 WL 2136434, at *3 (M.D. Fla. May 27, 2010) (holding that a "formulaic recitation of the elements of the cause of action" is insufficient to withstand dismissal).

**B.      FDUTPA Fails Because Plaintiff Merely Restates Her Warranty Claims.**

Lamb's opposition entirely ignores Cookware's argument that her FDUTPA claim fails because it only repackages her breach of warranty claims. *See generally* Docket Entry 25, at 17-19. She apparently cannot argue to the contrary, in good faith.

Parroting the language of the statute, Lamb alleges that Cookware's conduct was *immoral, unethical, oppressive, unconscionable, unscrupulous, and unlawful*, and it caused substantial injury to her. *See* Amended Complaint, ¶¶ 80-81. But the only fact underlying these conclusory remarks is that the Pan did not perform as promised—which is the very same fact that constitutes her warranty claims. *See* Amended Complaint, ¶¶ 45-64. Lamb fails to allege any different facts that show *substantially* unfair or deceptive conduct. A FDUTPA violation does not arise merely from an alleged breach of warranty claim. *Krush Communications, LLC v Enhanced Telecom., LLC*, 2014 WL 12625758 (M.D. Fla. Apr. 29, 2014); *Varnes v Home Depot USA, Inc.*, 2012 WL 5611055 (M.D. Fla. Nov. 15, 2012).[4]

Faced with the exposed fact of her formulaic recitation of FDUTPA's elements in the original complaint, Lamb tried to amend it by regurgitating the facts underpinning her warranty claims. But she added no other facts that supported the allegations of Cookware's unfair

---

[4]      Cookware discussed these controlling cases (and others) more in depth in its initial brief. Docket Entry 19, at 23-24. Notably, Plaintiff ducked them and failed to distinguish their authority here.

practices. This omission is a fatal flaw and favors dismissal of Lamb's FDUTPA claim, with prejudice.

**C.      Plaintiff Missed the Mark in Amending Her Allegations of Injury.**

Lamb argues that she has overcome her pleading deficiency regarding "actual injury" under FDUTPA by simply stating that she was charged a premium for the Pan. *See* Docket Entry 25, at 19; Amended Complaint, ¶ 76(b). She cites no case law to support this conclusory amendment, nor does she distinguish *Irvine v Kate Spade and Company*, 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017), which holds that a plaintiff needs to show that she paid a "price premium" *because of* the defendant's misrepresentations. *Id.* at *3.

As a threshold matter, Lamb's naked assertion fails to identify the nature and amount of the "premium," as compared to prices for competitor nonstick products. *See, e.g.*, *Lombardo v Johnson & Johnson Consumer-Cos., Inc.*, 124 F. Supp. 3d 1283, 1289-90 (S.D. Fla. 2015) (dismissing the plaintiff's FDUTPA claim because she could not have suffered a loss if she paid the same amount of money, or less, for a better product). Thus, her allegations are insufficient to show the Pan was sold at an actual premium.

But perhaps even more relevant, Lamb does not allege that she paid a premium for the Pan *because of* Cookware's misrepresentation. Instead, she states that the premium only *implicitly* represents a false statement. Amended Complaint ¶ 76(b). This is too far a stretch under the law and does not sufficiently connect the premium with Cookware's alleged deception. *Cf. Marrache v Bacardi U.S.A., Inc.*, 2020 WL 434928, at *2 (S.D. Fla. Jan. 28, 2020) ("FDUTPA does not provide for the recovery of nominal damages, *speculative losses*, or the compensation for subjective feelings of disappointment.") (emphasis added).

21

Lamb has not suffered an actual injury under FDUTPA, and the claim fails as a result.

**D.     Plaintiff is Barred from Seeking Injunctive Relief Under FDUTPA.**

Each of Lamb's causes of action has the same resounding chorus: but for Cookware's misrepresentations about the nonstick nature of the Pan, she would not have purchased it. Based on her allegations in the Amended Complaint—including the fact that she threw the Pan out already—it is undisputed that Lamb will not buy any Blue Diamond products in the future. Yet, she seeks an injunction prohibiting Cookware's continued advertising and sales of the Pan in current form. Amended Complaint, ¶¶ 79-80, 84. She is barred from seeking this relief for two reasons: (1) as outlined above, she cannot demonstrate that Cookware engaged in an unfair or deceptive practice; and (2) she does not allege any realistic threat of future harm, which is required under Article III of the U.S. Constitution and Florida law.

Contrary to Lamb's opposition, Florida courts impose Article III standing in the context of a FDUTPA claim: "Although the FDUTPA allows a plaintiff to pursue injunctive relief even where the individual plaintiff will not benefit from an injunction … it cannot supplant Constitutional requirements." *In re Monat Hair Care Products Marketing, Sales Practices, and Products Liability Litigation*, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019) (quoting *Dapeer v Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373 (S.D. Fla. 2015). "The Supreme Court has long held that to seek prospective or injunctive relief, plaintiffs (including individually named plaintiffs representing a class) must be able to demonstrate more than mere injury from past wrongs." *Dapeer*, 95 F. Supp. 3d at 1373-74; *see also O'Shea v Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or

22

controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.").

Because Lamb failed to allege a sufficiently actual threat of future harm in her Amended Complaint, she has no Constitutional standing to seek injunctive relief under FDUTPA. *See Ohio State Troopers Ass'n, Inc. v Point Blank Enterprises, Inc.*, 347 F. Supp. 3d 1207, 1227 (S.D. Fla. 2018) (holding that plaintiffs had no Article III standing to pursue a claim for injunctive relief under FDUTPA where the complaint was "devoid of any allegations that the individual [p]laintiffs *continue to wear* the defective [products]") (alteration and emphasis in original).

Setting aside Lamb's bold request that this Court ignore the U.S. Constitution *and* settle an alleged "split among Florida district courts" about the scope of a Florida statute, Plaintiff's cases supporting her right to injunctive relief are distinguishable. *See* Docket Entry 25, at 9-11. They primarily involve motions for summary judgment and class certification, which include extensive evidentiary submissions for those courts' analysis of allowable prospective relief under FDUTPA. Indeed, Judge Presnell's Order on Motion for Reconsideration in *Westgate Resorts, Ltd. v Reed Hein Associates, LLC*, No. 6:18-cv-1088-Orl-31DCI (Dkt. 156), revived the plaintiffs' dismissed FDUTPA claim based on voluminous, damning deposition testimony demonstrating a consistent, nefarious pattern of the defendant's deceptive practices aimed specifically at the class of plaintiffs. *Id.* at 6-11. Here, by contrast, Plaintiff bought *one* Pan and cooked *three* eggs—a far cry from the nature and character of deceptive practices contemplated by this statute. Accordingly, Plaintiff is barred from seeking injunctive relief under FDUTPA.

**<u>CONCLUSION</u>**

For the foregoing reasons, The Cookware Company (USA) LLC's motion to dismiss should be granted and the complaint dismissed in its entirety, with prejudice.

Dated:          June 5, 2020

HODGSON RUSS LLP
*Attorneys for The Cookware Company (USA), LLC*

By: */s/Ryan K. Cummings*_____
      Benjamin M. Zuffranieri, Jr.
      Ryan K. Cummings
      Ryan J. Lucinski
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: 716.856.4000
Email: *bzuffran@hodgsonruss.com*
Email: *ryan_cummings@hodgsonruss.com*
Email: *rlucinsk@hodgsonruss.com*

24