ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/20

ELENA LAMB on behalf of herself and
all others similarly situated,

                              Plaintiff,

            - against -

THE COOKWARE COMPANY (USA), LLC,

                              Defendant.

20 Civ. 704 (LLS)

OPINION & ORDER

        Plaintiff brought this putative class action against
defendant for falsely representing that its line of cooking pan
products is "non-stick."  Plaintiff alleges violations of the
Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. and Florida
Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201,
et seq.; breach of express warranty; breach of implied warranty
of merchantability; and unjust enrichment.  Defendant moves to
dismiss the amended complaint pursuant to Fed. R. Civ. P.
12(b)(1) and 12(b)(6) for lack of standing and failure to state
a claim upon which relief can be granted.  For the following
reasons, the motion is granted in part and denied in part.

**BACKGROUND**

        The following facts are as alleged in the amended complaint
(Dkt. No. 16).

        A typical cooking pan's metal surface expands when heated,
allowing food to seep into the metal's pores and solidify.  A

-1-

non-stick pan is coated with oil or other industrial nonstick material that fills the surface's pores so that food cannot enter.

Defendant The Cookware Company (USA), LLC ("Cookware") is a Delaware limited liability company with headquarters in Irvington, New York.  It manufactures and distributes several brands of cooking products, including a line of Blue Diamond Enhanced Ceramic Non-stick Pans.

Cookware markets and advertises its Blue Diamond non-stick pans on television, social media, and other marketing channels. Each pan's packaging contains a label claiming that the pan is "a ceramic, diamond infused, nonstick pan with coating 5 times harder, 4 times faster, and 10 times longer lasting than traditional nonstick coatings."  Am. Compl. ¶¶ 2, 25.

In reliance on defendant's representations, plaintiff Elena Lamb purchased a Blue Diamond non-stick pan from a Walmart store in Florida for $19.88 in 2019.  She tried to cook an egg on the pan three separate times, and the egg stuck to the pan each time, "forcing a difficult and messy clean up."  Id. ¶ 8.  Lamb discarded the pan.

Lamb brought this action on January 27, 2020 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Cookware moved to dismiss the complaint on April 3, 2020.  Lamb filed the amended complaint on April 20, 2020, seeking damages as well as

injunctive and declaratory relief.  Cookware moved to dismiss the amended complaint on May 1, 2020.

## DISCUSSION

Defendant argues that plaintiff (1) fails to allege adequately each of her claims, and (2) lacks standing to seek injunctive relief.

On a motion to dismiss under Rule 12(b)(6), the court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

### Breach of Express Warranty

Plaintiff concedes that her breach of express warranty claim is deficient because she did not give the seller notice of the breach before bringing this action.  Pl. Br. at 13.  The claim is dismissed.

<u>Breach of Implied Warranty of Merchantability</u>

"Florida law requires privity of contract to sustain a breach of implied warranty claim." <u>David v. Am. Suzuki Motor Corp.</u>, 629 F. Supp. 2d 1309, 1321 (S.D. Fla. 2009); <u>see also</u> <u>Mesa v. BMW of N. Am., LLC</u>, 904 So. 2d 450, 458 (Fla. Dist. Ct. App. 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.") (citing <u>Kramer v. Piper Aircraft Corp.</u>, 520 So. 2d 37 (Fla. 1988)).[1]

Cookware argues that there is no privity of contract between itself and plaintiff because she purchased the pan from a Walmart store.  Plaintiff argues that privity is not required because she is an intended third-party beneficiary, citing <u>Sanchez-Knutson v. Ford Motor Co.</u>, 52 F. Supp. 3d 1223 (S.D. Fla. 2014).

In <u>Sanchez-Knutson</u>, the court held that the plaintiff, who purchased his car from an authorized Ford dealership rather than directly from Ford, could pursue a breach of implied warranty

---

[1] Because plaintiff is a Florida resident and purchased the pan in Florida, Florida law applies to her state law claims.  See <u>In re Grand Theft Auto Video Game Consumer Litig.</u>, 251 F.R.D. 139, 146 (S.D.N.Y. 2008) ("In analyzing putative, nationwide, consumer-protection class actions, several courts have determined that the law of the state where each plaintiff resides and purchased the relevant product should apply."); <u>Segovia v. Vitamin Shoppe, Inc.</u>, No. 14-CV-7061 (NSR), 2016 WL 8650402, at *2 (S.D.N.Y. Feb. 5, 2016) ("Applying New York's choice of law rules to class action claims for consumer fraud, breach of warranty, and unjust enrichment, the Southern District of New York explained that New York law requires application of the law of the state where each plaintiff resides and purchased the relevant product.").

claim against Ford as a third-party beneficiary despite a lack
of privity.  However, multiple courts have declined to follow
Sanchez-Knutson.  See Padilla v. Porsche Cars North America,
Inc., 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019) ("the Court
will not find (under Florida law) that contractual privity can
be established through the third-party beneficiary exception");
id. at 1117 n.3:

> The Court notes that other federal district courts applying
> Florida law to breach of implied warranty claims have also
> declined to follow Sanchez-Knutson. See, e.g., Johnson v. Nissan
> N. Am., Inc., No. 17-CV-00517-WHO, 2018 WL 905850, at *5 (N.D.
> Cal. Feb. 15, 2018) (applying Florida law) ("Because the weight
> of the authority from modern Florida courts is consistent,
> however, I decline to follow Sanchez-Knutson, and instead follow
> the Florida courts' clear guidance that Florida law does not
> recognize this exception."); In re Seagate Tech. LLC Litig., No.
> 16-CV-00523-JCS, 2017 WL 3670779, at *9 (N.D. Cal. Aug. 25,
> 2017) (applying Florida law) ("Neither Plaintiffs' opposition
> nor the district court's decision in Sanchez-Knutson cites any
> Florida authority holding the third-party beneficiary exception
> applicable in a consumer products context.").

See also In re Seagate Tech. LLC Litig., No. 16-CV-00523 (JCS),
2017 WL 3670779, at *9 (N.D. Cal. Aug. 25, 2017):

> While it is conceivable that the Florida courts or legislature
> might at some point expand implied warranty remedies to consumers
> of products purchased through intermediary retailers, this Court
> declines to create what would appear, with the exception of a
> single decision by another federal district court, to be a "new
> exception[ ]" to the privity rule established by the Florida
> courts.

Because most courts have not accepted the third-party
beneficiary exception under Florida law, it will not be applied

here.  There is no privity between Lamb and Cookware, and the breach of implied warranty claim is dismissed.

### Magnuson-Moss Warranty Act Claim

The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA") "grants relief to a consumer 'who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty.'" Wilbur v. Toyota Motor Sales, U.S.A., Inc., 86 F.3d 23, 26 (2d Cir. 1996) (omissions in original) (quoting 15 U.S.C. § 2310(d)(1)).  "To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law." Garcia v. Chrysler Grp. LLC, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015); Cali v. Chrysler Grp. LLC, No. 10-CV-7606 (JSR), 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011) ("claims under the Magnuson-Moss Act stand or fall with the express and implied warranty claims under state law") (citation and internal quotation marks omitted).

Because the breach of express and implied warranty claims are both dismissed, the MMWA claim is also dismissed.

### Unjust Enrichment

Plaintiff claims that Cookware was unjustly enriched by her purchase of the pan.  Under Florida law, the "theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." Gary v. D.

-6-

Agustini & Asociados, S.A., 865 F. Supp. 818, 827 (S.D. Fla. 1994) (citation and internal quotation marks omitted).  "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." Martorella v. Deutsche Bank Nat. Tr. Co., 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) (citations and internal quotation marks omitted).  A "plaintiff cannot maintain a claim for unjust enrichment if there is an express warranty governing the plaintiff's rights." Koski v. Carrier Corp., 347 F. Supp. 3d 1185, 1195 (S.D. Fla. 2017).

The Limited Lifetime Warranty included with each Blue Diamond pan is "applicable on defects in material or workmanship of the product and its nonstick coating . . . ."  Hildebrand Decl. ¶¶ 4-5.  That warranty is an express contract concerning the subject matter of Lamb's claims, providing her with an adequate legal remedy.  See Speier-Roche v. Volkswagen Grp. of Am. Inc., No. 14-20107-CIV, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014) ("because there is an express warranty governing Plaintiff's rights, her unjust enrichment claim must fail . . . Plaintiff's failure to state a claim for breach of warranty does not save the unjust enrichment claim.").

Nor can Lamb plead unjust enrichment in the alternative, as she does not contest the existence or validity of the Limited Lifetime Warranty.  See Koski, 347 F. Supp. 3d at 1196 ("where

-7-

the unjust enrichment claim relies upon the same factual
predicates as a plaintiff's legal causes of action, it is not a
true alternative theory of relief but rather is duplicative of
those causes of action and warrants dismissal.") (citation and
internal quotation marks omitted); Speier-Roche, 2014 WL
1745050, at *8 ("an unjust enrichment claim can only be pled in
the alternative if one or more parties contest the existence of
an express contract governing the subject of the dispute.").

   The unjust enrichment claim is dismissed.

<u>Florida Deceptive and Unfair Trade Practices Act</u>

   To state a claim under the Florida Deceptive and Unfair
Trade Practices Act, Fla. Stat. § 501.201, <u>et seq.</u> ("FDUTPA"), a
plaintiff "must allege (1) a deceptive act or unfair trade
practice; (2) causation; and (3) actual damages." <u>Dolphin LLC
v. WCI Communities, Inc.</u>, 715 F.3d 1243, 1250 (11th Cir. 2013).
"The Florida Supreme Court has noted that 'deception occurs if
there is a representation, omission, or practice that is likely
to mislead the consumer acting reasonably in the circumstances,
to the consumer's detriment.'" <u>Zlotnick v. Premier Sales Grp.,
Inc.</u>, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting <u>PNR, Inc. v.
Beacon Prop. Mgmt., Inc.</u>, 842 So. 2d 773, 777 (Fla. 2003)).

   Cookware argues that plaintiff's FDUTPA claim does not
satisfy the heightened pleading standards of Fed. R. Civ. P.
9(b), which requires that plaintiff "state with particularity

the circumstances constituting fraud or mistake."  "The
complaint must identify the statements plaintiff asserts were
fraudulent and why, in plaintiff's view, they were fraudulent,
specifying who made them, and where and when they were made."
In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69-70 (2d Cir.
2001).  Plaintiff argues that Rule 9(b) does not apply because
her claim is not entirely rooted in fraud, and that her
allegations nonetheless satisfy Rule 9(b).

While "federal district courts have split as to whether
FDUTPA claims are subject to Rule 9(b), the prevailing view is
that Rule 9(b) applies only where the gravamen of the claim
sounds in fraud."  Irvine v. Kate Spade & Co., No. 16-CV-7300
(JMF), 2017 WL 4326538, at *2 (S.D.N.Y. Sept. 28, 2017) (quoting
Blair v. Wachovia Mortg. Corp., 11-CV-566 (TBS), 2012 WL 868878,
at *3 (M.D. Fla. Mar. 14, 2012)) (internal quotation marks
omitted).  Lamb's FDUTPA claim sounds in fraud because it
alleges that Cookware misrepresented "the nature and quality of
the Product" by stating "that the Products were nonstick when
they were not," constituting "unfair, deceptive, fraudulent,
unconscionable, and unlawful practices."  Am. Compl. ¶¶ 76, 79-
80.  See Hertz Corp. v. Accenture LLP, No. 19-CV-3508 (WHP),
2019 WL 5537997, at *3 (S.D.N.Y. Oct. 25, 2019) ("Here, Rule
9(b) applies because Hertz's FDUTPA claim sounds in fraud.  For
example, Hertz alleges that 'Accenture misrepresented the skills

and expertise of its staff' and 'also misrepresented the extent of [its] testing of the code.'") (alteration in original).

Lamb's allegations supporting her FDUTPA claim are sufficient under Rule 9(b)'s pleading standard.  The complaint alleges that Cookware represented to Lamb (and other consumers in Florida and throughout the United States) on the Blue Diamond pan's packaging label that the pan is non-stick.  Specifically, the label states that the pan is "a ceramic, diamond infused, nonstick pan with coating 5 times harder, 4 times faster, and 10 times longer lasting than traditional nonstick coatings."  Such statements are likely to mislead a reasonable consumer into believing that the pan is non-stick and that food will not stick to it during the cooking process.  The complaint also alleges that Lamb read and relied on the label's representations in purchasing the pan in Florida in 2019, and that those representations are false because the pan is not non-stick.  See Am. Compl. ¶¶ 2, 6-7, 75-76.

Cookware also argues that Lamb does not adequately allege that she suffered an actual injury due to its representations. Lamb alleges that Cookware's representations "were material in her purchasing decision" and that Cookware charged her "a premium for the Products, implicitly representing that the premium for the Products was for the alleged superior nature of the Products as nonstick, harder, and longer lasting."  Id. ¶¶

-10-

7, 76.  That sufficiently alleges injury.  See Hasemann v.
Gerber Prod. Co., 331 F.R.D. 239, 257 (E.D.N.Y. 2019) ("A
plaintiff may recover damages under the FDUTPA by alleging that
the plaintiff 'paid a price premium' for the allegedly deceptive
product.") (quoting Carriuolo v. Gen. Motors Co., 823 F.3d 977,
986 (11th Cir. 2016)).

Cookware further argues that Lamb does not identify the
nature and amount of the price premium compared to competing
products.  However, courts do not require FDUTPA plaintiffs to
allege injury with such specificity at this stage.  See Tyman v.
Pfizer, Inc., No. 16-CV-06941 (LTS) (BCM), 2017 WL 6988936, at
*12-13 (S.D.N.Y. Dec. 27, 2017):

> Some courts—in the District of New Jersey—have adopted Pfizer's
> view that this language requires FDUTPA plaintiffs, like NJFCA
> plaintiffs, to precisely quantify their damages at the outset
> of a case by alleging the prices and premiums they paid and the
> prices of comparable products.
> . . .
> Courts in this Circuit disagree, as do most Florida
> courts. Hasemann v. Gerber Products Co. specifically rejected
> the line of New Jersey cases dismissing FDUTPA claims "for
> failure to allege the price of comparable products." 2016 WL
> 5477595, at *22 & n.26 (disagreeing with the holdings
> of Riddell and Caterpillar to the extent they require plaintiffs
> to plead the exact values of defendant's products and comparable
> products and denying defendant's motion to dismiss
> plaintiffs' FDUTPA claim). The Hasemann court held that, to the
> contrary, plaintiffs' allegations that they "paid a premium for
> the Infant Formula" were "sufficient to plead damages" under
> the FDUTPA. Id. at *21. See also Marty v. Anheuser-Busch
> Companies, LLC, 43 F. Supp. 3d 1333, 1346 (S.D. Fla.
> 2014) ("[U]nder Florida law, a plaintiff who alleges that he or
> she has paid a premium price for a product as a result of a
> defendant's misrepresentation has pled damages
> under FDUTPA."); Schechner v. Whirlpool Corp., 237 F. Supp. 3d
> 601, 620 (E.D. Mich. 2017) (quoting Hasemann, 2016 WL 5477595,

at *22) (rejecting "'the conclusion that a FDUTPA claim requires a plaintiff to plead the price of comparable products in order seek damages under the FDUTPA'").

The motion to dismiss the FDUTPA claim is denied.

### Standing for Injunctive Relief

To establish standing in federal court, "a plaintiff must demonstrate that (1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Id. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 95-96, 103 S. Ct. 1660, 1662 (1983) (omission in original) (citation and internal quotation marks omitted).

Plaintiff does not allege that she is likely to be injured in the future, as she does not state that she will purchase the Blue Diamond pan again. See DaCorta v. AM Retail Group, Inc., 16-CV-1748 (NSR), 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) ("Where there are no allegations that Plaintiff will purchase the defendant's 'products in the future,' the request is based

on past injury and injunctive relief is improper.") (quoting Buonasera v. Honest Co., Inc., 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016)).

Plaintiff alleges that Cookware is "a large, 'vertically integrated' conglomerate with a demonstrated history of acquiring and developing multiple brands specifically in the ceramic nonstick cookware industry that are not conspicuously and explicitly associated with Defendant upon examination of packaging or even the brands' respective websites." Am. Compl. ¶ 21.

> Although the Pan did not perform as represented, Ms. Lamb is an active consumer and has since browsed nonstick pans. Due to Defendant's business model described above, however, Ms. Lamb may unknowingly purchase another of Defendant's Pans under a different brand name, or even under a brand that Defendant purchases in the future based on its aggressive, vertically-integrated acquisition model.

Id. ¶ 28. The possibility that Lamb purchases another defective non-stick pan under a different brand that Cookware owns or might acquire in the future, however, is not sufficient to "demonstrate that she is likely to be harmed again in the future in a similar way." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016); Lyons, 461 U.S. at 102 ("the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'").

Plaintiff's argument that FDUTPA confers standing is also unavailing. See Dapeer v. Neutrogena Corp., 95 F. Supp. 3d

-13-

1366, 1373 (S.D. Fla. 2015):

> Although the FDUTPA allows a plaintiff to pursue injunctive
> relief even where the individual plaintiff will not benefit from
> an injunction, see Davis v. Powertel, Inc., 776 So. 2d 971, 974
> (Fla. App. 1st Dist. 2000), it cannot supplant Constitutional
> standing requirements. Article III of the Constitution requires
> that a plaintiff seeking injunctive relief allege a threat of
> future harm.

Plaintiff does not have standing to seek injunctive relief.

### CONCLUSION

Defendant's motion to dismiss the amended complaint (Dkt.
No. 18) is granted in part and denied in part.

The motion to dismiss the Magnuson-Moss Warranty Act,
breach of express warranty, breach of implied warranty of
merchantability, and unjust enrichment claims (Counts I-IV) is
granted.  The motion to dismiss the Florida Deceptive and Unfair
Trade Practices Act claim (Count V) is denied.

The motion to dismiss plaintiff's request for injunctive
relief for lack of standing is granted.

With the dismissal of the Magnuson-Moss and common-law
claims, there remains only the claims of the Florida-plaintiff
sub-class, brought by a Florida resident, under Florida law on a
purchase made in Florida, against a New York resident which sold
its product in Florida.

Any party wishing to retain the action in this Court must
show cause, within the next three weeks, why it should not be
transferred to the United States District Court for the Middle

-14-

District of Florida.

 So ordered.

Dated: New York, New York
    June 15, 2020

         *Louis L. Stanton*
         LOUIS L. STANTON
          U.S.D.J.